# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT A. CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:17-cv-03072-SRB |
| | ) | |
| CHRISTIAN COUNTY, MISSOURI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Motion for Judgment on the Pleadings as to Plaintiff's Claims Against Defendant Cole in His Official Capacity. (Doc. #98). For the following reasons the motion is DENIED. Plaintiff is ordered to file an amended complaint addressing the pleading deficiencies in this Order on or before July 24, 2018. Defendants are directed to file an answer or otherwise respond to the amended complaint on or before July 31, 2018, unless leave for additional time is sought from the Court. To the extent Plaintiff attempts to state Count IV (Age Discrimination) or Count V (Age Harassment) against Cole in his official capacity, those claims are dismissed as duplicative of the claims against Christian County.

### I.     Background

Plaintiff Robert A. Curtis is a former Christian County deputy sheriff. In 2015, Defendant Brad Cole ("Cole") ran for Christian County Sheriff. Plaintiff publically endorsed an opponent of Cole. Cole was elected on August 4, 2015. On or about August 7, 2015, Cole assumed the duties of sheriff. Plaintiff was terminated the same day. While Plaintiff has claims remaining against other Defendants, Plaintiff has one claim standing against Cole in his official

capacity.[1] (Doc. #1, ¶ 2). Plaintiff alleges Cole violated his First Amendment rights, pursuant to 42 U.S.C. § 1983. (Doc. #1, ¶¶ 39-49). Christian County[2] now moves the Court "to enter judgment on the pleadings" for Christian County on Plaintiff's claim against Cole in his official capacity. (Doc. #98).

## II. Legal Standards

In considering a motion for judgment on the pleadings, the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Faibisch v. Univ. of Minnesota,* 304 F.3d 797, 803 (8th Cir. 2002) (citations omitted). The Court reviews a motion for judgment on the pleadings under the same standard that governs motions to dismiss for failure to state a claim. *Ashley Cty, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] To the extent Plaintiff attempts to state Count IV (Age Discrimination) or Count V (Age Harassment) against Cole in his official capacity, those claims are dismissed as duplicative of the claims against Christian County. *Williams v. Robinson*, 623 F. App'x 832, 833 (8th Cir. 2015) ("We also conclude that the official-capacity claims against the JCDC employees were subject to dismissal as duplicative of the claims against Jackson County.").

[2] Christian County is a party in this action. Christian County argues, without opposition, that it is the "real-party-defendant" in interest for Plaintiff's official-capacity claim. (Doc. # 98, p. 1). This Court agrees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citation omitted).

*Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

The Court must consider all facts alleged in the complaint as true when considering a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, allegations that are "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677) (internal citations omitted).

### III. Discussion

Christian County moves for judgment on the pleadings for Plaintiff's claim against Cole in his official capacity. In his Complaint Plaintiff alleges, *inter alia*, "Cole . . . is sued in his individual and [] official capacities . . . . Cole terminated the employment of Plaintiff . . . [and] [Cole] also terminated the employment of or demoted several other members of the Christian County Sheriff's Department, all of whom publicly offered support for [Cole's opponent]." (Doc. #1, ¶¶ 2, 22-23). Plaintiff alleges that his termination "was motivated at least in part by [his] public endorsement and support of [Cole's opponent] . . . [and] Cole thereby executed retribution for [Plaintiff's] display of protected speech and political activity in violation of the First Amendment to the United States . . . ." (Doc. #1, ¶¶ 43-44). Plaintiff requests "compensatory damages . . . or in the alternative nominal damages, . . . attorney's fees . . .[,] reinstatement and other equitable relief, . . . punitive damages, and . . . such other or additional relief as may seem to the [C]ourt to be just in the premises." (Doc. #1, ¶ 49).

3

Christian County may not be found liable under § 1983 based on a *respondeat superior* theory. *See Williams v. Mensey*, 785 F.2d 631, 634-35 (8th Cir. 1986) ("However, the county cannot be liable '*solely* because it employs a tortfeasor—or, in other words [it] cannot be liable under § 1983 on a *respondeat superior* theory.'"). "'Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983[,]'"[3] frequently referred to as *Monell* liability. *Id.* at 635 (quoting *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978)). "In this context, a 'policy' means 'an official policy, a deliberate choice of guiding principle or procedure made by the municipal official who has final authority regarding such matters.'" *Wright v. City of Waterloo, Iowa*, No. C05-2055, 2006 WL 3496930, at *5 (N.D. Iowa Dec. 4, 2006), *aff'd,* 254 F. App'x 559 (8th Cir. 2007) (quoting *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir. 2002)). "To analyze whether a single decision of a government official constitutes an official policy, we look to state law to determine whether the government official possesses 'final policymaking authority in the area in which the challenged conduct occurred.'"[4] *Thompson v. Shock*, 852 F.3d 786, 793 (8th Cir. 2017) (quoting *Williams v. Butler*, 863 F.2d 1398, 1401 (8th Cir. 1988)).

---

[3] "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, . . . (2) an unofficial custom,. . . or (3) a deliberately indifferent failure to train or supervise[.]" *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699 (8th Cir. 2016) (internal citations and quotations omitted). Because Plaintiff does not allege an unofficial custom or failure to train by Christian County, this Court will analyze only the liability resulting from an official municipal policy.

[4] This issue should be readdressed and briefed to the Court, in some fashion, prior to trial. The Eighth Circuit in *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 946 (8th Cir. 2017) stated:
> "[T]he identification of those officials whose decisions represent the official policy of the local government unit is itself a legal question to be resolved by the trial judge *before* the case is submitted to the jury." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). The need for the trial judge to identify a final policymaker—and not submit the issue to the jury—is beyond debate. *See, e.g., Dean v. Cnty. of Gage*, 807 F.3d 931, 940 (8th Cir. 2015) (citing *Jett*, 491 U.S. at 737, 109 S.Ct. 2702); *Walden v. City of Providence*, 596 F.3d 38, 55 (1st Cir. 2010) ("Whether an official is a final policymaker is ... a question of law for the trial judge to decide."); *Milligan–Hitt v. Bd. of Trs. of Sheridan Cnty. Sch. Dist.*, 523 F.3d 1219, 1224 (10th Cir. 2008) ("The judge, not the jury, should determine who exercises final policymaking authority in a

Christian County argues that Plaintiff failed to allege facts that would impose *Monell* liability. While Plaintiff alleges that Cole is sued in his "individual and [] official capacities[,]" (Doc. #1, ¶ 2), Plaintiff does not allege that Cole had final policymaking authority conferred by Christian County. *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 677) (Allegations that are "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside."). Plaintiff does not allege Cole's decision regarding Plaintiff's employment was within Cole's final policymaking authority. Plaintiff also fails to allege that Cole's decision was more than a discretionary function. *See Pembaur*, 475 U.S. at 481–84 ("The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.").

Plaintiff argues that regardless of his monetary claims, "Christian County . . . overlooks that Cole has been sued in his official capacity for injunctive relief, as well—and that its arguments as to the need to plead a municipal policy or custom do not apply to such claims." (Doc. #105, p. 6). Christian County does not contest Plaintiff's contention and only argues that official-capacity claims for injunctive relief are "not treated as actions against Christian County and the County's motion has not sought dismissal of such claims against . . . Cole." (Doc. #107, p. 6). This Court disagrees. *See B.A. v. Missouri*, No. 2:16 CV 72 CDP, 2017 WL 106433, at *2 (E.D. Mo. Jan. 11, 2017) ("In an official capacity suit, the state is considered the real party in interest if the decision would operate against the state treasury, interfere with public administration, or restrain the state from acting."). Accordingly, Plaintiff's claim for

---

municipality."). "Only after the judge identifies an official as a final policymaker is it appropriate for the jury to determine whether [that official's] decisions have caused the deprivation of rights at issue by policies which affirmatively command that it occur." *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1215 (8th Cir. 2013) (alteration in original) (internal quotation marks omitted).

injunctive relief against Cole in his official capacity remains and is treated as an action against Christian County.

The Court believes that it has been the understanding of the parties throughout this entire litigation that Cole is being sued in his individual and official capacities. *See* (Doc. #1, ¶ 2). Thus, this Court will allow litigation to proceed in this manner. With this in mind and over Christian County's objection, Plaintiff is directed to amend his complaint addressing pleading deficiencies detailed in this Order on or before July 24, 2018.

## IV. Conclusion

Accordingly, Christian County's Motion for Judgment on the Pleadings as to Plaintiff's Claims Against Defendant Cole in His Official Capacity (Doc. #98) is DENIED. Plaintiff is ordered to file an amended complaint addressing pleading deficiencies detailed in this Order on or before July 24, 2018. Defendants are directed to file an answer or otherwise respond to the amended complaint on or before July 31, 2018, unless leave for additional time is sought from the Court. To the extent Plaintiff attempts to state Count IV (Age Discrimination) or Count V (Age Harassment) against Cole in his official capacity, those claims are dismissed as duplicative of the claims against Christian County.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>July 17, 2018</u>